**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CR-30031-SMY** |
| | ) | |
| **YULONDA Y. STEWART,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**YANDLE, District Judge:**

This matter is before the court for consideration of Defendant Yulonda Y. Stewart's *pro se* Motion to Request Compassionate Release pursuant to the First Step Act and Supplemental Motion for Compassionate Release filed by her counsel (Docs. 80, 93). The Government responded in opposition (Doc. 94). For the following reasons, the motions are **DENIED**.

<u>**Background**</u>

On February 21, 2013, Stewart was indicted for Hobbs Act robbery, carry and use of a firearm during a crime of violence, and felon in possession of a firearm, arising from her robbery of a Jack In A Box restaurant at gunpoint (Doc. 1). She subsequently pleaded guilty to all counts. On October 3, 2014, Stewart was sentenced to 336 months imprisonment, later reduced to 202 months (Doc. 55).

Stewart is currently housed at the Federal Correctional Institution in Waseca, Illinois ("FCI-Waseca"); her anticipated release date is November 17, 2027. She seeks compassionate release, asserting that she suffers from sickle cell trait, obesity, migraines, bruxism, prediabetes, dizziness, high blood pressure, schizophrenia, depression, and post-traumatic stress disorder, and that these conditions make her more susceptible to COVID-19 (Doc. 93, p. 5).

**Discussion**

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same.  If the BOP declines to file a motion, the defendant may file a motion on her own behalf, provided she has either exhausted administrative remedies or 30 days have elapsed since the warden at her institution received her request, whichever is earliest.

FCI-Waseca currently has 5 infected staff members and no infected inmates out of an inmate population of 722.  *See* https://www.bop.gov/coronavirus/ (last visited July 22, 2022). Stewart's medical records confirm that she suffers from the various conditions claimed in her motion.  That said, she is fully vaccinated and has not presented evidence that she is at greater risk for an adverse outcome in prison than she would be if released.  See, *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022).  Thus, she has presented no extraordinary and compelling reason for her release due to COVID-19.

Moreover, consideration of the 18 U.S.C. §3553(a) factors counsel against Stewart's release.  Stewart has been involved in several violent robberies of fast-food restaurants going back to 2006.  Additionally, she has had seven disciplinary infractions in her over nine years of incarceration, including giving medication to another inmate, assaulting another inmate, disruptive conduct, placing a call for another inmate, being found in a non-assigned area, fighting with another inmate, and giving/accepting money without authorization (Doc. 94-2). As such, the

sentencing objectives of specific deterrence and protecting the public would not be fully served by Stewart's release at this time as she remains a danger to the public.

Accordingly, Stewart's Motion to Request Compassionate Release pursuant to the First Step Act and Supplemental Motion for Compassionate Release (Docs. 80, 93) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 22, 2022**

**STACI M. YANDLE**
**United States District Judge**